```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF INDIANA
                         SOUTH BEND DIVISION
```

DOROTHY R. JONES, *et al.*    )
                              )
Plaintiffs,                   )
                              )
vs.                           )    NO. 3:08-CV-596
                              )
SOUTH BEND HOUSING AUTHORITY, )
et al.,                       )
                              )
Defendants.                   )

## **OPINION AND ORDER**

This matter is before the Court on the Motion to Dismiss, filed by Defendant, Housing Authority of South Bend,[1] on February 18, 2009. For the reasons set forth below, the motion is **GRANTED**. Accordingly, the South Bend Housing Authority is **DISMISSED** as a Defendant in this case.

BACKGROUND

The following facts are based on the allegations of the complaint, which this Court accepts as true at this stage in the litigation. Plaintiff, Dorothy Jones ("Jones"), is an African-American resident of South Bend, Indiana. In September 2004, Jones entered into a lease and moved into a home located at 1632 South

---

[1] The Complaint labels this Defendant as "South Bend Housing Authority." For clarity, the Court will refer to this Defendant as the South Bend Housing Authority throughout the opinion.

Carlisle Street, which is owned by Defendant, South Bend Housing Authority ("SBHA"). At all relevant times, Defendant, Misty Lamphier ("Lamphier"), also a tenant of the SBHA, resided at 1631 East Carlisle Street.

Jones alleges that from the time she moved into the residence at 1632 South Carlisle Street, she experienced racial harassment from Lamphier, a Caucasian, which included threats of bodily injury and use of racial epithets. In October 2006, Jones notified the SBHA of the harassment and that she did not feel safe. Lamphier not only harassed Jones, but she also harassed other residents in the neighborhood, which included the use of the word "nigger."

In April of 2007, Jones again complained to the SBHA regarding Lamphier's racial harassment and intimidation, which included Lamphier damaging Jones's automobile and Lamphier harassing Jones's children. To reduce Lamphier's harassment of Jones's son, Jones changed her son's school. Neighbors in the vicinity have confirmed Jones's complaints about Lamphier to the SBHA. To remedy the harassment, Jones requested that the SBHA transfer her to another rental unit away from Lamphier. The SBHA refused Jones's request. Later in April 2007, the SBHA notified Jones that she could be evicted due to the conflict she was having with Lamphier.

Based on these allegations, Jones has brought suit against both the SBHA and Lamphier. Jones claims that the SBHA's failure to adequately address Laphier's racial harassment and its notifying

her that she could be evicted due to the conflict she was having with Lamphier both constitute violations of the Fair Housing Act, 42 U.S.C. sections 3604(b) and 3617. The South Bend Human Rights Commission has joined suit against the SBHA alleging the SBHA has failed to comply with the South Bend Human Right Commission's Fair Housing ordinance.

DISCUSSION

In the instant motion to dismiss, the SBHA argues that neither the statutes nor the ordinances Plaintiffs cite in the complaint give rise to Jones's post-acquisition claims of housing discrimination. Further, the SBHA claims that, even if Jones's post-acquisition housing discrimination claims were viable, the SBHA -as a landlord- cannot be liable for tenant-on-tenant disputes. For these reasons, the SBHA seeks dismissal of the complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Legal Standard

In determining the propriety of dismissal under Federal Rule of Civil Procedure 12(b)(6), the court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001). A complaint is not required to

contain detailed factual allegations, but it is not enough merely that there might be some conceivable set of facts that entitles the plaintiff to relief. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007), abrogating in part *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A plaintiff has an obligation under Rule 8(a)(2) to provide grounds of her entitlement to relief, which requires more than labels and conclusions. *Id.* at 1965. Factual allegations, taken as true, must be enough to raise a right to relief above the speculative level. *Id.* Moreover, a plaintiff may plead herself out of court if the complaint includes allegations that show she cannot possibly be entitled to the relief sought. *Jefferson v. Ambroz*, 90 F.3d 1291, 1296-97 (7th Cir. 1996).

Federal Claims

Plaintiffs have brought suit against the SBHA under sections 3604(b) and 3617 the Fair Housing Act ("FHA") alleging the SBHA failed to take any remedial action with regards to Lamphier's harassment and that the SBHA notified Jones that she could be evicted due to the conflict she was having with Lamphier.

> 42 U.S.C. section 3604(b) applies to post-acquisition discrimination if that discrimination interferes with a tenant's access to housing; it does not apply when the discrimination interferes only with the tenant's enjoyment of her dwelling.

Section 3604(b) makes it unlawful "[t]o discriminate against

any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." The SBHA argues that 42 U.S.C. section 3604(b) does not apply to claims of discrimination occurring after the acquisition of housing and, therefore, Jones's claims must fail.

In support of its argument, the SBHA relies heavily on the Seventh Circuit's opinion in *Halprin v. The Prairie Single Family Homes of Dearborn Park Association*, 388 F.3d 327 (7th Cir. 2004). In *Halprin*, homeowners brought an action under the Fair Housing Act against neighbors and the homeowners' association, alleging they were victims of religious-based harassment. After carefully considering the express language of the statute and Congress's legislative intent, Judge Posner explained that the purpose of section 3604 was to stifle the ongoing practice of refusing to sell or rent homes to members of minority groups, not to address the future problem of how the members of minority groups were treated when they were included. *Id.* at 329. Because the plaintiffs in *Halprin* had already been included in the subdivision - by being permitted to purchase the home - the Seventh Circuit held that the alleged post-acquisition discrimination claim regarding interference with the enjoyment of their property could not be maintained under section 3604. *Id.* at 329-330 (noting that

"[t]here is nothing to suggest that Congress was trying to solve that future problem [of post-acquisition discrimination], an endeavor that would have required careful drafting in order to make sure that quarrels between neighbors did not become a routine basis for federal litigation.").

Like the homeowner plaintiff in *Halprin*, Ms. Jones has already been included in the neighborhood by being permitted to rent her dwelling. Because Ms. Jones has been permitted to rent her dwelling, she cannot maintain a section 3604(b) claim regarding any alleged claims of discrimination based in interference with enjoyment of her property. *Id.*; see also *East-Miller v. Lake County Highway Dept.*, 421 F.3d 558, 562 (7th Cir. 2005)("Sections 3603-3606 prohibit discrimination in the sale or rental of property. . ..").

While *Halprin* foreclosed many types of post-acquisition discrimination claims, the Seventh Circuit acknowledged that post-acquisition discrimination claims may be maintained if the alleged discrimination effectively deprives the tenant of housing. *Halprin*, 388 F.3d at 329(noting that discrimination that reaches the level of a constructive eviction can be actionable under section 3604(b)). Thus, if the alleged post-acquisition discrimination effectively deprives the tenant of the right to that property, such a discrimination claim can lie.

Plaintiffs argue that the SBHA's alleged action of notifying

Jones that she could be evicted due to the conflict she was experiencing with Defendant Lampier effectively deprived Jones of the right to her property because such notification is tantamount to a constructive eviction. This Court disagrees. While it is possible that a single incident of harassment can support an actionable discrimination claim, *DiCenso v. Cisneros*, 96 F.3d 1004, 1009 (7th Cir. 1996), constructive eviction requires much more than an alleged notice of possible future eviction. See *Shaker and Assocs., Inc. v. Medical Techs. Group, Ltd.*, 733 N.E.2d 865, 872 (Ill. App. 2000)(holding that there can be no constructive eviction without the vacating of the premises); *Kerten v. H.C. Prange Co.*, 520 N.W.2d 99 (Wis. Ct. App. 1994)(noting that constructive eviction requires the tenant to abandon the premises due to the disturbance to the tenant's possession). Indeed, what is required is conduct that effectively drives and person from their home. *Halprin*, 388 F.3d at 330. One notice of possible future eviction cannot satisfy that test. *Id.*; *Walton v. Claybridge Homeowners Assoc., Inc.*, 191 Fed. Appx. 446, 451-452 (7th Cir. 2006).

<u>42 U.S.C section 3617 is tied to 42 U.S.C. section 3604(b) and HUD's regulation to the contrary is invalid.</u>

Title 42 U.S.C. section 3617 makes it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in

the exercise or enjoyment of, any right granted or protected by section . . . 3604 . . . of this title." This Circuit has interpreted section 3617 and found that it "provides legal protection only against acts that interfere with [section 3604]."[2] *Halprin*, 388 F.3d at 330. Since this Court has already determined that there is no interference with section 3604, that would seemingly prove fatal to Ms. Jones's section 3617 claims.

Despite the statutory language of section 3617 explicitly providing legal protection only against acts that interfere with section 3604, the Department of Housing and Urban Development ("HUD") has issued regulations which state that section 3617 forbids "threatening, intimidating or interfering with persons in their enjoyment of a dwelling because of the race, color, religion, sex, handicap, familial status, or national origin of such persons, or of visitors or associates of such persons." 24 C.F.R. § 100.400(c)(2). This regulation forbidding interference with "enjoyment of a dwelling" is something that can take place after the dwelling has been acquired, and which does not rise to the level of constructive eviction, which is beyond the scope of section 3604. The question then becomes whether HUD's regulation is valid.

The Seventh Circuit has often questioned the validity of 24

---

[2] Other sections of the Act that are referred to in section 3617 are 3603, 3605 and 3606; however, those sections are not at issue.

C.F.R. § 100.400(c)(2), but it has never had occasion to rule on the regulation's validity. *Bloch v. Frischholz*, 533 F.3d 562 (7th Cir. 2008); *East-Miller*, 421 F.3d 558; *Halprin*, 388 F.3d 327. While this Circuit has never ruled on the validity of section 100.400(c)(2), the Eleventh Circuit has addressed the issue in *Gonzalez v. Lee County Housing Authority*, 161 F.3d 1290, 1304-05 (11th Cir. 1998). In *Gonzalez*, the court looked at the regulation and found it to be valid because HUD has the authority to issue binding regulations. *Id.* However, the question of whether HUD has the authority to issue binding regulations - which it does (42 U.S.C. section 3535(d))- is a far different question than whether HUD's regulation is binding upon the courts. See *Household Credit Services, Inc. v. Pfennig*, 541 U.S. 232, 239 (2004)(in determining whether the Federal Reserve Board's binding regulation is binding on courts, it must pass the *Chevron* test).

For an agency's regulation, such as HUD's regulation at issue here, to be binding on this Court, it must pass what is commonly referred to as the "Chevron Test." *Id.*; See *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842 (1984). Under this test, "when a court reviews an agency's construction of the statute which it administers, it is confronted with two questions." *Id.* The first question is whether "Congress has spoken to the precise question at issue." *Id.* at 842-43. If so, then the clearly expressed intent of Congress controls. *Id.* at

843. If not, "the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Id.* If the agency's answer is based on a permissible construction of the statute, then the Court will accept that answer. *Id.* at 842-43.

Congress has spoken on the precise question at issue and, therefore, the regulation is invalid. See *Dormeyer v. Comerica Bank-Illinois,* 223 F.3d 579, 582 (7th Cir. 2000)(noting that under Chevron, regulations that contradict the plain language of the underlying act are invalid). Although HUD has the authority to carry out the duties that Congress has assigned to it in the Fair Housing Act, it has no authority to change the Act.

In this Circuit, it has already been determined that section 3604(b) only prohibits discriminatory acts in connection with the acquisition of or access to property; it does not deal with post-acquisition discrimination claims based only in interference with enjoyment. *Haprin*, 388 F.3d at 330. And, the language of section 3617 explicitly provides legal protection only against acts that interfere with section 3604. HUD's regulation creates a claim for post-acquisition discrimination under section 3617 when one does not exist under section 3604(b). This Circuit has already recognized that "[t]he regulation cuts section 3617 loose from section 3604, contrary to the language of section 3617." *Id.* Because the regulation runs against the express language of the

statute, it is invalid.

Non-Federal Claims

In addition to federal claims, Plaintiffs assert state and local claims against the SBHA. In its motion to dismiss, the SBHA argued that the state and local claims should be dismissed. Plaintiffs have wholly failed to respond to the SBHA's arguments. In fact, Plaintiffs fail to mention either the state or local claims at all in their response brief. As such, this Court finds that Plaintiffs have abandoned these claims. *Stransky v. Cummins Engine Co., Inc.*, 51 F.3d 1329, 1335 (7th Cir. 1995)(holding that "when presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action."). Accordingly, these claims are **DISMISSED**.

**DATED: June 10, 2009**              /s/RUDY LOZANO, Judge
                                      **United States District Court**